UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Johnson,

    Petitioner,

Civil No. 07-cv-4793 (RHK/JJG)

v.

**REPORT AND RECOMMENDATION**

Lynn Dingle,

    Respondent.

    This is a 28 U.S.C. § 2254 habeas case. It is before the Court on Petitioner David Johnson's ("Johnson") motion to stay. For the reasons set forth below, the Court recommends denial of Johnson's motion and dismissal of the case without prejudice.

**I.    BACKGROUND**

    Johnson is incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota. In June 2004, Johnson was convicted of aiding and abetting attempted first-degree murder and aiding and abetting kidnapping. He was sentenced to consecutive sentences of 240 months for each conviction.

    Johnson appealed his convictions and sentences to the Minnesota Court of Appeals, arguing the following deficiencies in his trial and sentencing: 1) denial of the right to a speedy trial; 2) denial of his request for substitute counsel; 3) improper preclusion of trial testimony; 4) prosecutorial misconduct during closing argument; 5) improper trial court instruction to the jury; 6) violation of his double jeopardy rights; 7) failings by the sentencing jury; and 8) improper reliance on an alleged Illinois burglary conviction and probation status in his sentencing. *See State v. Johnson*, No. A05-1028, 2006 WL 2347795, *1 (Minn. Ct. App. Aug. 8, 2006).

On August 8, 2006, the Minnesota Court of Appeals affirmed in part and reversed in part. *Id.* The court rejected the majority of Johnson's arguments, but held that the Illinois conviction and probation considered in Johnson's sentencing were not sufficiently evidenced. *Id.* The court, therefore, remanded for resentencing. *Id.*

On October 25, 2006, the Minnesota Supreme Court granted review of the Court of Appeals' decision, but then vacated its order granting review, and denied review on December 13, 2006.

The record in this case does not directly reflect what occurred in the state court proceedings after the Minnesota Court of Appeals' remand. Respondent, however, states in its opposition to Johnson's stay motion that an appeal from Johnson's resentencing has been filed and is pending in the Minnesota Court of Appeals. *See Response in opposition to stay*, Doc. No. 10. Johnson confirms in the instant motion that an issue regarding his sentencing remains pending on direct appeal. *See* Doc. No. 4.

On December 10, 2007, Johnson filed his petition for habeas corpus in this case. Johnson raised the same issues in his habeas petition that he raised in his direct appeal, minus the sentencing issue regarding the Illinois conviction and probation upon which he prevailed in the Minnesota appellate courts. *See* Doc. No. 1.

**II.     ANALYSIS**

Johnson now seeks a stay of this case pending the outcome of a post-conviction relief petition he intends to file in Minnesota state court, the basis of which he does not specify. He also seeks a stay pending the Minnesota Court of Appeals' decision regarding his resentencing. The Respondent objects to Johnson's stay request, contending that the appropriate relief is dismissal of Johnson's petition without prejudice pending the outcome of his direct appeal and

any post-conviction relief petition. The Court finds that dismissal of Johnson's petition without prejudice is appropriate.

28 U.S.C. § 2254 provides, in relevant part, that:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

>    (A)  the applicant has exhausted the remedies available in the courts of the State….

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Johnson has exhausted his direct state court review of the questions he presents in his habeas petition. *See Johnson*, 2006 WL 2347795 at *1. Although the sentencing issue included in his direct appeal pertaining to an Illinois burglary conviction and probation remains pending in the state appellate system, that issue is not part of Johnson's habeas petition. Consequently, staying Johnson's habeas case pending resolution of that sentencing issue on direct appeal does not appear warranted. *See* 28 U.S.C. § 2254(c) (exhaustion of state court remedies required for "the question presented" in the habeas petition).

However, Johnson states that he intends to file a petition for post-conviction relief in Minnesota district court pursuant to Minn. Stat. § 590.01. He has not specified the basis for such a petition. The Court, therefore, cannot assess its viability in light of the general rule barring a post-conviction court from considering claims that the defendant raised, or could have raised, on direct appeal. *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). *See also* Minn. Stat. § 590.01, subd. 4(b). Additionally, because it does not know the intended subject of the post-conviction petition, the Court cannot discern whether it will include issues found in Johnson's habeas petition. Assuming the subject of his post-conviction petition survives *Knaffla*, Johnson

3

appears to be within the timeframe for seeking such post-conviction relief.  *See* Minn. Stat. § 590.01, subd. 4 (petition for post-conviction relief must be filed within two years of "an appellate court's disposition of petitioner's direct appeal").

Under these circumstances, the Court concludes that Johnson has not yet exhausted his state court remedies as 28 U.S.C. § 2254 requires.  While Johnson may have exhausted his direct appeal regarding the issues currently contained in his habeas petition, his petition for post-conviction relief could overlap with his habeas issues.  Additionally, Johnson could decide to add additional issues to his habeas petition, either arising from his resentencing once that issue is determined on direct appeal, or from his post-conviction relief petition.  Accordingly, this Court agrees with Johnson that consideration of his habeas petition is premature.

However, rather than the stay Johnson requests, the Court finds that the proper course is dismissal of Johnson's petition without prejudice to his right to re-file upon exhaustion of his state court remedies.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stay of § 2254 habeas action is within district court's discretion, but is disfavored); *Feeney v. Auger*, 808 F.2d 1279, 1283 (8th Cir. 1986) (dismissal without prejudice is the appropriate procedural course for failure to exhaust state court remedies in habeas action); *de la Garza v. Symmes*, Civil No. 06-2562, 2006 WL 2095481 (D. Minn. July 27, 2006).  In *Rhines*, the Court held that "stay and abeyance should be available only in limited circumstances" in § 2254 habeas actions.  544 U.S. at 277.  The Court explained that stays of federal habeas cases frustrate the finality and streamlining purposes of federal habeas law.  *Id.*  Thus, a stay in this context is appropriate only where a petitioner had "good cause" for his failure to exhaust his claims in state court.  *Id.*  Johnson has not explained his request for a stay.  The Court, therefore, finds no good cause requiring a stay here.

Johnson does not run the risk of losing his right to petition for habeas relief due to statute of limitations concerns if the District Court dismisses his petition without prejudice. *Cf. Rhines*, 544 U.S. at 275 (dismissal of Rhines' habeas petition to allow exhaustion would have barred him from returning to federal court due to the statute of limitations). The applicable one-year time limit in which Johnson must file his habeas petition begins to run on "the date on which the judgment [of the state court] became final by the conclusion of direct review…." 28 U.S.C. § 2244(d)(1)(A). In *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam), the Court held that a criminal judgment was not final, triggering the running of the habeas statute of limitations, until both the "conviction *and* sentence became final by the conclusion of direct review…." (emphasis in original) (internal quotations omitted). The Court emphasized that, "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (citation and internal quotation omitted). Here, Johnson's direct appeal regarding his sentence remains pending. The state court judgment underlying his petition is, therefore, not yet final for the purposes of the 28 U.S.C. § 2254 statute of limitations.

The Court recognizes that, in some habeas exhaustion scenarios, it is appropriate to afford the petitioner the option of dismissing unexhausted claims from the habeas petition and proceeding on exhausted claims. *E.g., Rhines,* 544 U.S. at 278 (discussing *Rose v. Lundy*, 455 U.S. 509 (1982)). Here, however, Johnson, himself, has requested the opportunity to exhaust his state court remedies rather than proceed now in federal court. Moreover, given that the Court is not apprised of the exact nature of the unexhausted claims, it cannot clearly present Johnson with the option of removing them from the petition.[1]

---

[1] Johnson also moved the Court for appointment of counsel. *See* Doc. No. 5. Given the Court's recommendation that this case be dismissed without prejudice, the Court also recommends that Johnson's motion for counsel be denied as moot. While the Court typically issues a freestanding

### III. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

A. Petitioner David Johnson's motion to stay (Doc. No. 4) be **DENIED**.

B. Petitioner David Johnson's motion for appointment of counsel (Doc. No. 5) be **DENIED AS MOOT**.

C. This case be **DISMISSED WITHOUT PREJUDICE**.


Dated: July 3, 2008.

                                     s/ *Jeanne J. Graham*
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge


### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 18, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the district court judge is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.

---

order on a request for appointment of counsel, it addresses Johnson's request in the context of this Report and Recommendation due to its recommended dismissal of the case.